**Mrs. Truman W. PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37509.**

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Brown & Shuman, by Clifford W. Brown, Lubbock, for appellant.

Fred E. West, County Atty., Wm. Quinn Brackett and Carson Smith, Asst. County Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is passing as true a worthless check; the punishment, 90 days in jail and a fine of $500.00.

Since the bank records of appellant's joint account with her husband showed that on the day before the $3.00 check in question was given there were ample funds on deposit to cover the check and since it further showed that a few days thereafter the funds on deposit were again ample to pay the same, the guilt of the appellant was supported solely by the presumption contained in Section 2 and 3 of Article 567b, Vernon's Ann.P.C. which arises from the failure to pay the same after "giving of such notice that *such check, draft or order has not been paid by the drawee.*" In the case at bar the "notice" was in the form of a letter which read

"Mrs. Truman W. Parker
Rt. 4, Box 182
Lubbock, Texas

Dear Madam:

Will you please pick-up your check for $3.00.
Thank you.

Sincerely,
Ray Johnson"

This was not sufficient to comply with the terms of the statute.

Upon further prosecution growing out of this transaction, the complaint and information should contain allegations that the words "Insufficient Funds" and "Account Closed" were added to the instrument, if they were, after it was passed to the injured party and proof should be adduced to support such allegations.

For the failure to give the requisite notice, the judgment is reversed and the cause remanded.